IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00103-EWN-PAC

JOHN PRYMAK, et al.

    Plaintiffs,

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC.; and
MUTUAL SERVICE CORPORATION,

    Defendants.

---

## PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Material (as hereinafter defined). This Court, finding that good cause has been shown, grants the same as follows:

**1.    Designation of Confidential Documents**

a.    Any person or entity subject to discovery in this action may designate a document as "Confidential" as provided herein. Designation of a document as "Confidential" shall constitute the designating party's good faith belief and assertion that such document contains or reflects consumer, trade secret, research, development, marketing, personnel, financial, competitive, commercial, personal, private, or otherwise confidential information in accordance with Fed. R. Civ. P. 26(c). Any "Confidential" designation will be fully applicable to any information contained in or derived from any document so designated.

Multi-paged documents that are bound together need only be stamped or labeled "Confidential" on the first page, but a party designating such document as "Confidential" shall where practical designate as Confidential only those pages requiring protection if the entire document is not confidential. Any document which was or is produced without a "Confidential" designation may be so designated retroactively by written notice to opposing counsel. Discovery responses, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection. Any document designated as "Confidential" pursuant to this Order, and the contents of such document, are referred to herein as "Confidential Material."

b.  Entering into, agreeing to, and/or producing, or receiving Confidential Material, or otherwise complying with the terms of this Stipulated Protective Order, shall not:

    i.  operate as an admission that any particular Confidential Material contains or reflects trade secrets or any other type of confidential information;

    ii.  prevent the parties to this Stipulated Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular discovery material;

    iii.  prejudice in any way the rights of a Producing Party to object to the production of documents it considers not subject to discovery;

    iv.  prejudice in any way the rights of a party to seek a determination by the Court that particular material be produced; or

        v.      prejudice in any way the rights of a party to apply to the Court for further protective orders, or modifications hereof.

    c.    The initial failure to designate information in accordance with this Order shall not preclude any party from designating any information "Confidential." A party must provide written notice to counsel of record for the receiving party designating the previously produced information as "Confidential." The party in receipt of such designated material shall thereafter restrict the disclosure of such information to those persons qualified pursuant to this Order, and, if such information has previously been disclosed to persons not so qualified, it shall take reasonable efforts to obtain all such previously disclosed information and advise such persons of the claim of confidentiality.

    d.    Designating a document "Confidential" shall not be used against the Producing Party in any way as, for example, an admission that the designated information constitutes or contains any trade secret or confidential information.

**2.    Use and Disclosure of Documents Designated "Confidential"**

    a.    Except with the prior written consent of the Producing Party, no Confidential Material may be used for any purpose other than the conduct of this litigation, or disclosed to any person other than:

        i.    A party;

        ii.    the officers, employees or agents of a party to this litigation who have responsibility for the conduct of the litigation;

       iii.    in-house counsel of a party if such counsel is actively engaged in the conduct of this litigation, and the secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

       iv.    outside counsel of record for the parties in this action, and the partners, associates, secretaries, paralegal assistants and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

       v.    persons with prior knowledge (other than by disclosure pursuant to this Order) of the Confidential Material, including any person who on the face of a document containing Confidential Material is indicated to be the author, addressee or copy recipient of the document;

       vi.    any person whom a party in good faith anticipates may be a witness in deposition or at trial, provided that Confidential Material shall not be disclosed to any third party that is a business competitor of the party that designed the Confidential Information, without prior notice to counsel for the latter;

       vii.    any present or former officer, member, or employee of any corporate party to the extent reasonably necessary for the purpose of assisting counsel in the litigation;

       viii.    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

       ix.    court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court);

    x. outside consultants or experts retained for the purpose of assisting counsel in the litigation;

    xi. persons engaged by counsel for a party to organize, file, code, convert, store, or retrieve data in connection with this action, or designing programs for handling data in connection with this action, including the employees of third-party contractors performing one or more of these functions;

    xii. regulatory officials, if required by the regulating agency's rules and regulations.

  b. Any individual *not* identified in (a) (i), (ii), (iii), (iv), (viii), (ix) or (xii) above must first (except as provided in Section 5(a) of this Order) have signed an Acknowledgement in the form of Exhibit 1 to this Order, which the attorney making the disclosure shall retain in his or her files. Nothing in this Order shall be construed to relieve any person identified in clause (a)(v) above of any obligation of confidentiality arising outside of this Order.

  c. This Stipulated Protective Order has no effect on and shall not apply to (1) a Producing Party's use of its own Confidential Material for any purpose or (2) its own use of documents or other information developed or obtained independently of discovery in this action for any purpose.

### 3. Declassification of Confidential Material; Material Exempted

  a. At any time during the pendency of this action, any party may object to the designation of any Produced Material as "Confidential" or may, after making a good faith effort to resolve any such objection, move for an order vacating the designation. While such an application is pending, the Produced Material in question shall be treated as Confidential

00393275 / 1

Material pursuant to this Stipulated Protective Order. The Producing Party shall have the burden of proof that good cause exists for the designation of Confidential Material.

b.   The parties are not obliged to challenge the designation of any Confidential Material at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

c.   The provisions of this Order shall not apply to any document or information contained therein which is obtained from non-privileged sources other than through discovery or which is or becomes a matter of public record on file with any governmental or regulatory agency or board or otherwise available from publicly accessible sources.

**4.   Filing of Confidential Material**

a.   In the event that counsel for any party determines to file with or submit to the Court any Confidential Material, the pleadings or other documents containing the same shall be filed under seal in compliance with the requirements of D.C.COLO.LCivR 7.2 and 7.3.

**5.   Use of Confidential Information in Depositions**

a.   A deponent may, during the deposition, be shown and examined about Confidential Information. Unless the deponent already knows the Confidential Material concerned, the deponent shall (in lieu of signing an Acknowledgment) be advised of and agree to, while under oath, the restrictions contained in this Order before being examined about such material. Deponents shall not retain or copy portions of their transcript which contain confidential information not provided by them or the entities they represent, unless they sign an Acknowledgment in the form of Exhibit 1 to this Order.

      b.    Parties and deponents may, at the time a deposition is taken or within ten days thereafter, designate pages or sections of the transcript (and exhibits thereto) as Confidential. Confidential Material within the deposition transcript may be designated by underlining, separate binding, or other suitable means.

### 6.    Confidential Information at Trial

Subject to the Federal Rules of Evidence, Confidential Material may be offered in trial or at any court hearing, provided that the proponent of the evidence gives reasonable notice under the circumstances to counsel for the party that designated the information as protected. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as protected and, if so, what protection, if any, may be afforded to such information at the trial.

### 7.    Unauthorized Disclosure

In the event of disclosure of any Confidential Material to a person not authorized for access to such material, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the party whose Confidential Material has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The responsible party shall also promptly take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such information or materials is made. Each party shall cooperate in good faith in that effort.

Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00103-EWN-PAC

JOHN PRYMAK, et al.

    Plaintiffs,

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC.; and
MUTUAL SERVICE CORPORATION,

    Defendants.

---

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

---

I, _____, of _____,

affirm and state as follows:

    (1)    I have read the Protective Order entered in this litigation;

    (2)    I understand its terms and agree to be fully bound by such Order.

_____                            _____

Date                                                    Signature

8.     **Duration of Order, Return of Confidential Material, and Retention by Counsel**

a.     This Order shall continue in effect after the conclusion of this action, except that a receiving party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of this Order.

b.     Within 45 calendar days after the conclusion of this action in it entirety, all parties and persons having received Confidential Material shall return all such material to counsel for the Producing Party and certify that fact.

"Conclusion of this action" means the expiration of appeal periods or the execution of a settlement agreement among all the parties finally disposing of this action.

c.     Nothing in this Order shall be construed to prohibit counsel for the parties from retaining any Confidential Materials that a party is required to maintain pursuant to applicable regulatory agency rules and regulations.

9.     **Court's Continuing Jurisdiction**

This Court has continuing jurisdiction over the enforcement, interpretation, and modification of this Order, and any person executing an Acknowledgment of this Order shall be deemed to have consented to the personal jurisdiction of this Court for such purpose. This continuing jurisdiction shall extend beyond the conclusion of this action. The confidentiality obligations imposed by this Order shall survive any such expiration unless otherwise expressly ordered by this Court upon a duly noticed motion and hearing.

ENTERED this 5_th_ day of _April_, 2007.

BY THE COURT:

_____
United States District Court Judge
O. EDWARD SCHLATTER

00393275 / 1