IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00103-EWN-KLM

JOHN PRYMAK,
LILLIAN PRYMAK,
PAUL PRYMAK,
PRESTON SMITH,
RITCHIE SMITH,
JANE SPECKETER,
ANTHONY PISANI,
PATRICIA PISANI,
LESLIE DAVIS,
MARJORIE DALE DAVIS,
DARREL LONGLEY,
VERA LONGLEY,
ROBERT DALEY,
BRENDA DALEY,
KENNETH N. PORCHETTA,
LINDA RADLEY,
MARIE MLACNIK,
THE TUCKER FAMILY INVESTMENTS, LLP,
RICHARD WARREN,
HELEN BARKER,
GARY WHITAKER,
PHYLLIS WHITAKER,
MARCY RICE,
JAMES RICE,
MICHAEL J. VETTE,
BRYAN VETTE,
WILLIAM J. KITCHING,
FLOROANN MILANN,
HELENA LOEWEN,
RUSSELL A. BUTTACAVOLI,
RICHARD BRICE,
PAULA BRICE,
CHAD LUCERO,
SHAWN CULLEN,
JONATHAN SENDOR,
VIRGINIA SENDOR,
JILL SENDOR-LAYCHAK,
ALI GIDFAR,
MARYAM ZIRAKZAKEH,
MANOUCHEHR ZIRAKZADEH,

SHAHIN ZIRAKZADEH,
CHARLES B. DAVIS,
CHRISTOPHER OLSON,
SANDY OLSON
TEDD SABUS,
TIMOTHY J. GILLACH,
LISA SEEBERGER,
SCOTT SEEBERGER,
JOAN E. McELWAIN,
HARLEY J. KIRSCHENMANN,
CAROL J. KIRSCHENMANN,
PRISCILLA J. DRESSEN,
LEROY MATTICKS,
EDWARD MORROW,
ROBERTA MORROW,
IRENE VALVERDE,
ROBERT VALVERDE,
JAMES FAVILLE,
MARIAN FAVILLE,
DAVID SOBERNHEIM,
MYRNA SOBERNHEIM
JAMES E. LOSHER,
ROBERT WESTON,
VELVA WESTON,
VIVIAN KALLAS, and
FRED FRALEY,

     Plaintiff(s),

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC., and
MUTUAL SERVICE CORPORATION

     Defendant(s).
_____

## MINUTE ORDER
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter comes before the Court pursuant to **Plaintiffs' Motion to Compel**

**Production of Documents (Filed Under Seal) [Docket No. 65, Filed August 14, 2007] ("Motion to Compel Documents")**. Plaintiffs seek the production of Defendant Mutual Service's supervisory and compliance manuals. Pursuant to Document Request No. 3, Plaintiffs requested the manuals for Mutual Service "and/or" Contemporary Financial Solutions ("CFS"). Defendant CFS has already produced its supervisory and compliance manuals in response to Plaintiffs' request. Plaintiffs assert that Mutual Service's manuals are relevant because it was the obligation of both Defendants to adequately supervise CFS employee Robert Bryant. Plaintiffs allege that while Bryant was employed by CFS, he defrauded Plaintiffs by selling them fraudulent securities notes. Plaintiffs claim that Mutual Service was responsible for Bryant's supervision because CFS had no supervisory personnel of its own and was acting as the alter ego of Mutual Service.

Pursuant to Document Request Nos. 7 and 8, Plaintiffs also seek documents reflecting customer complaints and relating to the NASD's investigation of Mutual Service's Chief Compliance Officer and Compliance Principal. Plaintiffs claim these discovery requests are also relevant to Mutual Service's failure to properly supervise Bryant.

This matter also comes before the Court pursuant to Plaintiffs' **Motion to Compel Answer to Interrogatory by Contemporary Financial Solutions, Inc. [Docket No. 67, Filed August 20, 2007] ("Motion to Compel Answer")**. Plaintiffs seek an order directing Defendant CFS to answer Interrogatory 1(f), which requests the identity of five (5) unknown CFS registered representatives in Colorado. Plaintiffs assert that they seek this information for the purpose of deposing the representatives about CFS's practices regarding supervision of its employees and whether the representatives were aware of

their coworker Robert Bryant's involvement in the alleged "scheme" to defraud Plaintiffs. They also seek this information to determine if other CFS representatives were involved in the "scheme" to defraud. Both motions have been fully briefed.

IT IS HEREBY **ORDERED** that the Motion to Compel Documents is **GRANTED with limitations,** for the reasons set forth below.

The test for allowing discovery of information or documents is whether the information "is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This is a deliberately broad standard which is meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)).

In addition, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, discovery cannot be avoided merely because the information or documents sought are likely to be inadmissible. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 29-30 (1984); 8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2008, at 111-13 & nn.31-33 (2d. ed. 1994). If the material sought is relevant

to the case and may lead to admissible evidence, it should generally be produced.[1]

To the extent that the Motion to Compel Documents seeks production of Mutual Service's supervisory and compliance manuals pursuant to Document Request No. 3, the motion is **granted**.  One of Plaintiffs' theories for relief in this case is that Mutual Service, as the alter ego of CFS, had an obligation to supervise Bryant and violated that obligation. Without passing judgment on the theory itself, Mutual Service's supervisory and compliance manuals appear to be relevant to establishing what supervisory functions, if any, Mutual Service was required to perform regarding Bryant and whether it, in fact, performed those functions.  *See generally Gohler v. Wood*, 162 F.R.D. 691, 694-96 (D. Utah 1995) (holding that corporate manuals related to conduct at issue in lawsuit were relevant and discoverable).  Defendants have alleged no undue burden relating to the production of these manuals, nor can the Court identify any.  Rather, Defendants have alleged that Plaintiffs' alter ego theory is flawed.

It is not for the Court to approve or disprove Plaintiffs' alter ego theory at this stage in the proceedings.  Discovery should not be prohibited merely because it relates to a claims that the defense asserts are based on an insufficient theory.  *Alexander v. FBI*, 194 F.R.D. 316, 326 (D.D.C. 2000); 8 Wright et al., § 2008, at 104 & n.14.  The Mutual Service manuals are relevant in light of the legal theory propounded by Plaintiffs in support of their

---

[1] The Court notes that it did not find the cases cited by either party to be particularly helpful in addressing the issues raised in either motion.  The cases cited by the parties dealt with the ultimate admissibility of the evidence, not the right to discover that evidence in the first instance.  While the evidence sought to be discovered must be calculated to lead to admissible evidence, the discovery standard is broader than the standard utilized when determining whether the evidence discovered is ultimately admissible.  *See* 8 Wright et al., § 2008, at 99-100.

claims. Defendant Mutual Service is ordered to produce them in response to Document Request No. 3.

To the extent that the Motion to Compel Documents seeks production of Mutual Service's documents relating to customer complaints and disciplinary actions brought against Mutual Service (Document Request Nos. 7 and 8), that motion is also **granted, with the limitations discussed below**. In its response to the motion, Defendant Mutual Service objects to the scope of the document requests. Although Defendant does not provide further justification for this objection or propose a more reasonable time period for production, the Court agrees the time period referred to in Document Request No. 7 is too broad and should more closely reflect the relevant time periods as set forth in Plaintiffs' claims. In their First Amended Complaint, Plaintiffs assert that Bryant was employed by Defendants from February 2003 until December 31, 2004 [Docket No.26, at ¶ 26]. Plaintiffs further assert that they purchased securities form Bryant in 2004, 2005, and/or 2006 [Docket No. 26, at ¶ 6]. Accordingly, it is ordered that **Defendant Mutual Service shall produce documents related to the alleged failure to supervise regional representatives for the time period from January 1, 2002 through December 31, 2005**.[2] In addition, Defendant Mutual Service shall produce all documents responsive to Document Request No. 8.

Regardless of whether evidence of Mutual Service's other disciplinary infractions

---

[2] Discovery may be had of relevant evidence both prior and subsequent to the term of employment. *See, e.g.*, *Walker v. R&F Props. of Lake County, Inc.*, 433 F.3d 1349, 1359 (11th Cir. 2005) (holding that discovery is not necessarily limited to date range of employment).

and customer complaints would be admissible at trial, the documents appear to be relevant to the present claims and could arguably lead to admissible evidence. Again, Defendants assert that the information is not relevant because CFS, and not Mutual Service, was responsible for supervising Bryant. However, as noted above, one of Plaintiffs' theories is that Mutual Service had the ultimate responsibility for Bryant's supervision. To the extent that Defendant seeks to avoid discovery of this information because it asserts that Plaintiffs' theory is flawed, that argument is unavailing. The purpose of discovery is often to better define the legal and factual issues involved in a case, which is one of the reasons for granting broader production. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

To the extent that Defendant argues that similar allegations of a failure to supervise are not relevant here, the 2000 Advisory Committee Notes to Federal Rule of Civil Procedure 26 address the scope of discoverable information and recognize that "[a] variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action. For example, other incidents of the same type or involving the same conduct, could be properly discoverable under the revised standard." Here, Plaintiffs assert that Mutual Service failed to properly supervise Bryant. Evidence of Mutual Service's overall record of supervision may be relevant to Plaintiffs' claims and may lead to admissible evidence. *See, e.g., Cornelius v. Consol. Rail Corp.*, 169 F.R.D. 250, 251-52 (N.D.N.Y. 1996) (evidence of prior claims and lawsuits involving similar allegations is relevant and discoverable, regardless that it later may be inadmissable at trial).

Defendant Mutual Service also argues that because evidence of prior disciplinary actions and customer complaints should be characterized as inadmissible character evidence, the discovery sought by Plaintiffs should be denied. As noted above, ultimate admissibility at trial of the evidence produced is not the issue. That will be a decision for the trial court. *See* 8 Wright et al., § 2008, at 113-14 & n.34.

The Court notes that Defendant Mutual Service raised several objections to Document Request Nos. 3, 7, and 8 in addition to objecting on the bases of relevance and ultimate admissibility, e.g., the requests are vague, ambiguous, overly broad, and harassing. However, Defendant failed to address those initial objections in its response to Plaintiffs' motion. It is the objecting party's burden to show why a discovery request is objectionable, and that burden cannot be sustained merely by asserting "boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 524 (D. Colo. 2003). In addition, failure to raise an objection in the response to a motion to compel may be deemed a waiver of that objection. *See Cardenas*, 232 F.R.D. at 380 n.15. As such, the Court will not address whether Defendant's remaining objections have merit.

IT IS FURTHER HEREBY **ORDERED** that the Motion to Compel Answer is **GRANTED,** for the reasons set forth below.

Plaintiffs' Interrogatory No. 1(f) seeks discovery of the identities of the registered representatives employed by CFS during the period of Bryant's employment. Defendants argue that the identity of the CFS representatives are not relevant nor reasonably likely to lead to the discovery of admissible evidence. Plaintiffs allege that the representatives

may possess information regarding CFS's knowledge of Bryant's "scheme" while he was employed by CFS and the latter's failure to take action to prevent injuries, losses, or damage to individuals affected by it.  Indeed, it is not difficult to envision a scenario where these representatives may provide information relevant to Plaintiffs' claims.  For instance, if one or more had knowledge of Bryant's "scheme" and informed CFS, but CFS took no action, such information would be highly relevant to Plaintiffs' claim of negligent supervision.

Defendants again argue that even if the information is relevant, the evidence derived from it would be inadmissible character evidence.  As noted above, whether the evidence will ultimately be admissible is not the prevailing concern here.  The Court finds that the information is both relevant and calculated to lead to admissible evidence.  Accordingly, Defendants are ordered to respond to Interrogatory No. 1(f).

Defendant CFS also asserts that Interrogatory No. 1(f) is harassing, however, it fails to discuss this objection with any specificity.  "When a party files a motion to compel and asks the Court to overrule certain objections, the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable."  *Sonninno v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004).  The blanket assertion that compliance with this interrogatory is harassing to Defendant and its representatives, without further justification, does not satisfy Defendant's burden, and the Court declines to evaluate the request vis-a-vis this objection.

IT IS HEREBY **ORDERED** that Defendant Mutual Service Corporation shall produce

the documents responsive to Plaintiffs' Document Request Nos. 3, 7, and 8, with the limitations set forth above, **on or before November 9, 2007.**

IT IS FURTHER **ORDERED** that Defendant Contemporary Financial Solutions, Inc., shall respond to Plaintiffs' Interrogatory No. 1(f) **on or before November 9, 2007.**

Dated:  October 29, 2007

BY THE COURT:

 s/ Kristen L.  Mix
Kristen L.  Mix
United States Magistrate Judge