IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00103-EWN-KMT

JOHN PRYMAK,
LILLIAN PRYMAK,
PAUL PRYMAK,
PRESTON SMITH,
RITCHIE SMITH,
JANE SPECKETER,
ANTHONY PISANI,
PATRICIA PISANI,
LESLIE DAVIS,
MARJORIE DALE DAVIS,
DARREL LONGLEY,
VERA LONGLEY,
ROBERT DALEY,
BRENDA DALEY,
KENNETH N. PORCHETTA,
LINDA RADLEY,
MARIE MLACNIK,
THE TUCKER FAMILY INVESTMENTS, LLP,
RICHARD WARREN,
HELEN BARKER,
GARY WHITAKER,
PHYLLIS WHITAKER,
MARCY RICE,
JAMES RICE,
MICHAEL J. VETTE,
BRYAN VETTE,
WILLIAM J. KITCHING,
FLOROANN MILANN,
HELENA LOEWEN,
RUSSELL A. BUTTACAVOLI,
RICHARD BRICE,
PAULA BRICE,
CHAD LUCERO,
SHAWN CULLEN,
JONATHAN SENDOR,
VIRGINIA SENDOR,

JILL SENDOR-LAYCHAK,
ALI GIDFAR,
MARYAM ZIRAKZAKEH,
MANOUCHEHR ZIRAKZADEH,
SHAHIN ZIRAKZADEH,
CHARLES B. DAVIS,
CHRISTOPHER OLSON,
SANDY OLSON
TEDD SABUS,
TIMOTHY J. GILLACH,
LISA SEEBERGER,
SCOTT SEEBERGER,
JOAN E. McELWAIN,
HARLEY J. KIRSCHENMANN,
CAROL J. KIRSCHENMANN,
PRISCILLA J. DRESSEN,
LEROY MATTICKS,
EDWARD MORROW,
ROBERTA MORROW,
IRENE VALVERDE,
ROBERT VALVERDE,
JAMES FAVILLE,
MARIAN FAVILLE,
DAVID SOBERNHEIM,
MYRNA SOBERNHEIM
JAMES E. LOSHER,
ROBERT WESTON,
VELVA WESTON,
VIVIAN KALLAS, and
FRED FRALEY,

      Plaintiffs,

v.

CONTEMPORARY FINANCIAL SOLUTIONS, INC., and
MUTUAL SERVICE CORPORATION

      Defendants.

## ORDER

This matter is before the court on "Plaintiffs' (Sealed) Motion to (1) Compel the Production of Documents Pursuant to Fed. R. Civ. P. 37; (2) Extend the Discovery Cut-Off Date of November 17, 2007 with Respect to Discovery Issues Outstanding at that Date and (3) Extend the Time for Filing Dispositive Motions and Other Relief Currently Set for December 17, 2007" ("Mtn." [Doc. No. 126, filed December 17, 2007]). The defendants responded on January 7, 2008. ("Rsp." [Doc. No. 133]). On January 10, 2008, the case was reassigned from Magistrate Judge Mix to this court. [Doc. No. 135].

This case involves allegations that defendants Mutual Service and CFS, acting as alter egos of one another, hired non-party Robert O. Bryant in spite of his checkered past of fraudulent securities dealing. After he went to work for CFS, plaintiffs allege Bryant solicited elderly people to invest in a ponzi scheme involving the sale of unregistered securities in the form of NCM Notes in violation of the Arkansas Securities Act. Bryant has been criminally convicted for his conduct arising out of these activities. Plaintiffs allege that if Defendants had properly supervised and investigated Mr. Bryant and/or truthfully reported to state and federal regulatory authorities what they knew about Bryant's sale of NCM Notes, state authorities would have taken all necessary action to promptly prohibit Mr. Bryant from selling NCM Notes and the plaintiffs' would not

have lost their life savings in the fraudulent scheme when the notes which were sold became worthless.

The Motion to Compel at issue was filed approximately one month after the November 17, 2007 discovery cut-off date set forth in the Amended Scheduling Order. [Doc. No. 34]. The Scheduling Order anticipated that both depositions and written discovery would be completed on or before the discovery cut-off date. Amended Scheduling Order, Section 13; Fed. R. Civ. P 16(b). The dispositive motions deadline of December 17, 2007 set by Chief Judge Nottingham was the same day the defendant's motion to compel discovery was filed. Defendants' fully briefed Motion for Summary Judgment is pending. The plaintiffs have failed to show good cause why this motion was not filed until after the expiration of these deadlines and no good cause has been shown why the discovery boundaries should be extended at this late date except as to the deposition of Bryant. *Id.*

Until his final conviction was entered, Robert O. Bryant was unavailable to the plaintiffs, having been advised that Mr. Bryant would rely upon the Fifth Amendment to the United States Constitution to avoid or decline questioning in this case. The Fifth Amendment provides, "No person . . . shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law. . ." U.S. CONST. AMEND. V. There is no question that an individual is entitled to invoke the privilege against self-incrimination during a civil proceeding. *See, e.g., Lefkowitz v. Turley,* 414 U.S. 70, 77 (1973) (explaining that the Fifth Amendment permits an individual "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answer might incriminate him" ).

This means that a civil litigant may legitimately use the Fifth Amendment to avoid having to answer inquiries during any phase of the discovery process. *See* 8 Charles A. Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2018, at 273 (2d ed. 1994) ("[C]ourts have repeatedly held that the privilege against self-incrimination justifie[s] a person in refusing to answer questions at a deposition, or to respond to interrogatories, or requests for admissions, or to produce documents.")

Central to any Fifth Amendment analysis, however, is whether testimony elicited from an individual is such that it would be "against himself." Once a defendant has been convicted of an offense, the privilege is lost because "he can no longer be incriminated by his testimony about said crime." *Reina v. United States*, 364 U.S. 507, 513 (1960). Therefore, Mr. Bryant, who was previously unavailable to the plaintiff for deposition, becomes available after there is a final conviction in his case.[1]

This court does not accept any of the reasons given by the defendants that they will be prejudiced by allowing plaintiffs to take the deposition of Mr. Bryant past the discovery cut-off date. It appears from the defendants' argument that Mr. Bryant's testimony may well be helpful to their pending Motion for Summary Judgment. (Rsp. at 7) In that event, the motion can be supplemented. The argument that Ms. Turigliatto, "a petite woman," will not be able to appear at a deposition held at a prison facility where there will be both male and female guards in secured

---

[1] Whether Mr. Bryant might seek to invoke his Fifth Amendment right on other grounds is not yet before the court and his possible invocation of some privilege barring his deposition testimony other than the Fifth Amendment is speculative.

spaces is both chauvinistic and risible. Mr. Bryant is the primary alleged wrongdoer central to the event giving rise to this action. There is no question that his testimony would be relevant to the issues remaining in the case. The test for allowing discovery of information or documents contained in Fed. R. Civ. P. 26(b)(1) is deliberately broad, meant to allow the parties to discover the information necessary to prove or disprove their cases. *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995); *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005) ("Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." (citations omitted)). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Therefore, the court finds good cause has been shown why the plaintiffs should be allowed to take the deposition of Robert O. Bryant subsequent to the conclusion of the otherwise applicable discovery period, so long as the deposition is completed within a reasonable period after entry of this order.

The plaintiffs also seek information and documents previously ordered to be produced by Judge Mix. [Doc. No. 112]. I agree with the plaintiffs that Judge Mix's October 29, 2007 order did require such production from the defendants.

Plaintiffs' previous Motion to Compel concerned, among other issues, Requests for Production of Documents 7 and 8. [Doc. No. 65]. Those requests read

6

>Request No. 7. All documents relating to complaints, assertions of claims, statements of claims in arbitration made or brought against Mutual Service and/or any of its officers, directors, employees or associated persons from January 1, 1998 to December 31, 2005.
>
>Request No. 8. All documents relating to the NASD's investigation of Dennis Kaminski and Michael Poston initiated by the NASD in or about November 2005 for potential violations of NASD Rules 3010 and 2110.

In her order, Magistrate Judge Mix stated, "the Court agrees the time period referred to in Document Request No. 7 is too broad and should more closely reflect the relevant time periods as set forth in Plaintiffs' claims." [Doc. No. 112 at 6]. Judge Mix ordered

>Defendant Mutual Service shall produce documents related to the alleged failure to supervise regional representatives for the time period from January 1, 2002 through December 31, 2005. In addition, Defendant Mutual Service shall produce all documents responsive to Document Request No. 8.

Id. at 6.

There is nothing ambiguous about this order. The order did not allow the defendants to unilaterally redact documents, nor did it allow defendants to minimize the meaning of "**all** documents." The order said all; presumably the order therefore meant all, without redaction or contracting interpretation by the defendants. Magistrate Judge Mix's order did not allow the defendants to unilaterally pick and choose as to which claim(s) it would respond or as to which officer, director, or employee the request applied. The defendants were to respond with documents as to <u>all</u> claims brought against <u>any</u> officer, director or employee. The only limitation imposed by Magistrate Judge Mix was the relevant time period.

I additionally find, however, that the reference to "associated persons" in Request No. 7 is unreasonably vague and that the defendants should not be obligated to conclude who might or

7

might not be included as an "associated person." The terms officer, director and employee are not so cloudy and can be easily and precisely ascertained by the defendants and responded to accordingly.

It is therefore ORDERED the Plaintiffs' (Sealed) Motion to (1) Compel the Production of Document Pursuant to Fed. R. Civ. P. 37; (2) Extend the Discovery Cut-Off Date of November 17, 2007 with Respect to Discovery Issues Outstanding at that Date and (3) Extend the Time for Filing Dispositive Motions and Other Relief Currently Set for December 17, 2007 [Doc. No. 126] is GRANTED in part and DENIED in part.

1. The motion to Extend the Discovery Cut-Off Date of November 17, 2007 is DENIED.

2. The motion to Extend the Time for Filing Dispositive Motions and Other Relief Currently Set for December 17, 2007 is DENIED.

3. The motion to take the deposition of Robert O. Bryant at a time subsequent to the discovery cut-off date is GRANTED. The deposition must be scheduled, noticed and completed by no later than close of business June 23, 2008 or forty-five days prior to any trial set in this matter, whichever first occurs.

4. The motion to compel production of documents pursuant to Requests for Production of Documents Nos. 7 and 8 is GRANTED. The defendants are ordered to comply with Magistrate Judge Mix's order of October 29, 2007 and produce all documents responsive to the requests on or before April 26, 2008. This order specifically applies to, among other documents, the "Wells Submissions" prepared and submitted by Mutual Service, Dennis

Kaminski, Susan Coates, Denise Roth and Graham Tayler and any other officers, directors, or employees of Mutual Service. These supplemental responses shall include non-redacted copies of documents previously produced, subject to the Protective Order in this case if appropriately marked.

Dated this 9th day of April, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge